CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUN 20 2005
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JACOB DALE MONROE, ) | |
| Petitioner, ) | Civil Action No. 7:01CV00394 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| RONALD D. ANGELONE, ) | By: Jackson L. Kiser |
| Respondent. ) | Senior U.S. District Judge |

This matter is before the court on Defendant Hayes's Renewed Motion to Dismiss as to plaintiff's Eighth Amendment claim of excessive force. By order entered September 13, 2001 this court dismissed several of plaintiff's claims for failure to state a claim on which relief may be granted. By order entered September 24, 2002, this court granted summary judgment for the defendants as to plaintiff's claims of cruel and unusual living conditions, denial of adequate medical treatment while in five point restraints, denial of mental health treatment, and a defamation action. At that time the court inadvertently terminated the case. By order entered October 4, 2004 this court reinstated the case as to plaintiff's claims of excessive force, denial of due process, and the denial of adequate medical treatment in relation to the excessive force claim. By order entered March 3, 2005 this court granted summary judgment for defendants Ronald Angelone, J. Armentrout, Gene Johnson, Page True, S.K. Young, and R.A. Young, and Gloria Meade as to the reinstated claims. As such, the only claims which remain are plaintiff's claims of excessive force[1] and denial of due process[2].

---

[1]Defendants in this matter are: J. Bleving (Blevins); C. Cox; S. Fleming; R.C. Greenfield; Michael Harrison; M. Hawks; Tammie Hayes; B. Messingill; J. Robinson; R. Turner; and J.C. Woods.

[2]Defendants in this matter are: J. Bleving (Blevins); C. Cox; S. Fleming; R.C. Greenfield; Michael Harrison; M. Hawks; B. Messingill; J. Robinson; R. Turner; and J.C. Woods.

The court notified plaintiff of defendant Hayes's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and advised plaintiff that his failure to reply to the defendant's motion may result in summary judgment being granted for the defendant. Plaintiff has filed a response to the defendant's motion, thus making the matter ripe for disposition.

In deciding a motion to dismiss the court must construe all facts in the light most favorable to the plaintiff and must assume all fact alleged in the complaint to be true. Hishon v. King & Spalding 467 U.S. 69, 73 (1984).

Monroe alleges that his rights under the Eighth Amendment were violated by his being subjected to confinement in five-point restraints for an extended period. However, Monroe has presented no allegations of fact to establish that Hayes was responsible for his continued confinement in restraints. To establish an Eighth Amendment excessive force claim against prison personnel, an inmate must satisfy a two-pronged standard comprised of both a subjective inquiry (whether the defendant acted with a sufficiently culpable state of mind) and an objective inquiry (whether the harm plaintiff suffered was sufficiently serious enough to amount to a constitutional violation). Williams v. Benjamin, 77 F.3d 756, 761 (1996).

Here, plaintiff merely alleges that Hayes made a false report in order to cause him to be restrained. Even if the court accepts this allegation as true, it is insufficient to allow this claim to go forward. In this instance, the allegation of excessive force centers not on the placement in restraints, but on the allegation that plaintiff remained in restraints for nearly two days.[3] Accordingly, plaintiff's allegation that Hayes' was directly responsible for his placement in restraints does not support his allegations of excessive force as to the continued restraint.

---

[3]See docket entry number 109, Memorandum Opinion, pages 4-8.

2

Therefore, plaintiff cannot meet the objective component of an excessive force violation as to this defendant. As such, I find that Monroe has failed to state a viable § 1983 claim against Hayes and will grant her motion to dismiss.

The Clerk of the Court is directed to send a certified copy of this Opinion and accompanying Order to plaintiff and to counsel of record for the defendants.

ENTER: This 20th day of June, 2005.

/s/ Jackson L. Kiser
Senior United States District Judge

3